**No. ——**

**First Circuit**

---

**OPELOUSAS FINANCE CO. v. ROOS**

---

(May 3, 1927. Opinion and Decree.)

---

*(Syllabus by the Editor)*

1. **Louisiana Digest—Citation and Appearance—Par. 17, 23.**

Act 179 of 1918 has superceded and taken the place of Article 192 of Code of Practice and, therefore, the wife must

have service of citation made on her in person or at her domicile as provided by Act 179 of 1918 and Code of Practice 189.

Appeal from the Parish of St. Landry. Hon. B. H. Pavy, Judge.

Action by Opelousas Finance Company, Inc.. against Mrs. Emma Roos, wife, et al.

There was judgment for plaintiff and defendant appealed.

Case remanded to the lower court for further proceedings.

Sandoz & Sandoz, of Opelousas, attorneys for plaintiff, appellee.

Dubuison, Perrault . & Burleigh, of Opelousas, attorneys for defendant, appellant

ELLIOTT, J. In suit against wife and husband. Personal service was made on husband but not at domicile. Judgment by default was confirmed against wife and husband. The wife appeals, claiming that the judgment against her should be annulled for the reason that sheriff's return on citation shows that she has not been cited as the law requires. Acts 1918, No. 179, Section 1, Paragraph 3.

Opelousas Finance Co., Inc., brought suit against Mrs. Emma Roos and Jonas Roos, her husband, on nine promissory notes for $23.96 each, all signed by Mrs. Roos, but only seven of them signed by the husband. Judgment by default was confirmed against them. Mrs. Roos appealed and urges that the judgment as to her should be annulled and avoided, on the ground that the sheriff's return on the citation does not show that she has been cited as the law provides.

The notes are annexed to and made part of plaintiff's petition.

The clerk of court issued but one citation, addressed to "Mrs. Emma Roos, wife, and Jacob Roos". The petition alleges that the defendants are husband and wife. The return on the citation reads as follows:

"Received the citation, together with a certified copy of petition thereto attached on the 25th day of October, 1926; and on the 28th day of October, 1926, I served the aforesaid copies of citation and petition on Jonas Roos by handing the same to him in person, in St. Landry parish."

The Code of Practice, Article 182, provides:

"Nevertheless, if the defendants are husband and wife * * * it will be sufficient to deliver one single citation and one single copy of the petition to the person representing such defendants."

Article 192:

"If the petition and citation be directed against a married woman, not separated in bed and board from her husband, the service may be made by delivering to either husband or wife."

Act 179 of 1918, Section 1, Paragraph 3, provides:

"In suits against married women service shall be made in person or at her domicile, as in the case of any other person."

Section 5: "All laws or parts of laws in conflict herewith, or on the same subject matter, be and the same are hereby repealed."

. It is urged in behalf of Mrs. Roos that this law, Act 179 of 1918, Section 1, Paragraph 3, has repealed and superceded the

provisions of the Code Practice Art. 192; and that the sheriff's return does not show that Mrs. Emma Roos has been duly cited as the law now provides.

We have concluded that the Act 179 of 1918 has superceded and taken the place of Art. 192 of the Code of Practice insofar as concerns service on the wife. The wife must now have service made on her in person or at her domicile, as provides the Code Practice, Art. 189.

The sheriff's return does not show that either kind of service was made on Mrs. Emma Roos. It therefore does not appear that she has been cited as the law provides.

The judgment confirming a default against her is therefore illegal and must be set aside.

For these reasons the judgment appealed from herein, to the extent that it is against Mrs. Emma Roos, is annulled, avoided and set aside, and the case is remanded to the lower court for further proceedings as the law provides.